1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Local 617 Teamsters Pension and Welfare Funds, et al., | No. CV-06-02674-PHX-DLR |
| Plaintiffs, | **ORDER PRELIMINARY APPROVED SETTLEMENT AND PROVIDING FOR NOTICE** |
| v. | |
| Apollo Group Incorporated, et al., | |
| Defendants. | |

WHEREAS, a consolidated class action is pending before the Court captioned *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group Inc. et al.*, No. 2:06-cv-02674-RCB (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of January 12, 2015 (the "Stipulation") that has been entered into by the Lead Plaintiff (on behalf of itself and each of the Settlement Class Members) and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the Lead Plaintiff, having made an application pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for the Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein,

and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all terms with initial capitalization contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. After a preliminary review, the Settlement appears to be fair, reasonable, adequate and in the best interests of the Settlement Class. The Settlement: (a) resulted from extensive arm's-length negotiations; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement. Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. A hearing (the "Final Approval Hearing") shall be held before this Court on July 28, 2015, at 1:30 p.m., at the Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, SPC 79, Phoenix, Arizona 85003, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settlement Class Members and should be approved by the Court; whether a Judgment as provided in ¶1.13 and ¶8.1(d) of the Stipulation and substantially in the form attached as Exhibit B thereto should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of attorneys' fees and expenses that should be awarded to Lead Plaintiff's counsel and the amount that Lead Plaintiff should be awarded for its expenses, including lost wages. The Court may continue or adjourn the Final Approval Hearing without further notice to Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, a Settlement Class consisting of all Persons who purchased or otherwise acquired Apollo Securities from November 28, 2001 through and including October 18, 2006. Excluded from the Settlement Class

1    are Defendants, members of their immediate families, their legal representatives, heirs,

2    successors, or assigns, officers and directors of Apollo during the Settlement Class

3    Period, and any entity in which Defendants have or had a controlling interest.  Persons

4    who make a timely and valid request for exclusion from the Settlement Class are also

5    excluded.

6           4.      With respect to the Settlement Class, this Court finds, solely for purposes of

7    effectuating the Settlement, that: (a) the Members of the Settlement Class are so

8    numerous that joinder of all Settlement Class Members in the Litigation is impracticable;

9    (b) there are questions of law and fact common to the Settlement Class that predominate

10   over any individual question; (c) the claims of the Lead Plaintiff are typical of the claims

11   of the Settlement Class; (d) Lead Plaintiff and its counsel has fairly and adequately

12   represented and protected the interests of the Settlement Class Members; and (e) a class

13   action is superior to other available methods for the fair and efficient adjudication of the

14   controversy, considering: (i) the interests of the Members of the Settlement Class in

15   individually controlling the prosecution of the separate actions; (ii) the extent and nature

16   of any litigation concerning the controversy already commenced by Members of the

17   Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of

18   these claims in this particular forum; and (iv) the difficulties likely to be encountered in

19   the management of the Litigation.

20

21          5.      The Court approves, as to form and content, the Notice of Pendency and

22   Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form

23   (the "Proof of Claim and Release") and the Summary Notice of Pendency of Class Action

24   and Proposed Settlement ("Summary Notice") for publication annexed as Exhibits A-1,

25   A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and

26   publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-7

27   of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due

28

process, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.     The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

(a)     The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Settlement Class, and not later than May 4, 2015 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)     Not later than May 14, 2015, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and transmitted once over a national newswire service;

(c)     Not later than the Notice Date, the Claims Administrator shall post the Stipulation and all of its Exhibits on a case-dedicated website, www.apollosecuritiessettlement.com, which will be set forth in the Notice and Summary Notice; and

(d)     At least seven calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.     Nominees who purchased Apollo Securities for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall send the Notice and the Proof of Claim and Release to all beneficial owners of such securities within ten days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten days of receipt thereof, in which event the Claims

Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable costs incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

9.     Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

10.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim and Release forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than 90 days from the Notice Date.  Any Settlement Class Member who does not timely submit a Proof of Claim and Release within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in all respects be bound by the release contained in the Stipulation and Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

11.     Any Settlement Class Member may, upon request, be excluded from the Settlement Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than July 6, 2015.  A Request for Exclusion must provide the following information to the Claims

Administrator:  (a) name;  (b) address;  (c) telephone  number;  (d) quantities  of  Apollo Securities purchased and sold during the Settlement Class; (e) prices paid or received for such securities with respect to each purchase and sale; (f) the date of each purchase or sale  transaction;  and  (g) a statement  that  the  Person  wishes  to  be  excluded  from  the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share  in  the  distribution  of  the  Net  Settlement  Fund  and  shall  not  be  bound  by  the Stipulation or the Judgment entered in the Litigation.  Unless otherwise ordered by the Court,  any  Settlement  Class  Member  who  does  not  submit  a  valid  and  timely  written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

12.    Any Member of the Settlement Class may appear and show cause if he, she or it has any reason why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why Lead Counsel's request for an award of attorneys' fees and expenses, including Lead Plaintiff's expenses as provided for by 15 U.S.C. §78u-4(a)(4) should or should not be awarded; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the Judgment to be entered thereon unless that Person has delivered by hand or sent by first-class mail written objections and copies of any papers and briefs such that they are received on or before July 6, 2015 by Robbins Geller Rudman & Dowd LLP, Jeffrey D. Light, 655 West Broadway, Suite 1900, San Diego, CA 92101; Morgan Lewis & Bockius LLP, Joseph E. Floren, Brian A. Herman, One Market Street, Spear Street Tower, San Francisco, CA 94105; Jennings Strouss & Salmon PLC, Michael J. Farrell, One E. Washington, Suite 1900, Phoenix, AZ 85004-2554; and Skadden, Arps, Slate,  Meagher  &  Flom  LLP,  Eric  Waxman,  Peter  B.  Morrison,  300  South  Grand Avenue, Suite 3400, Los Angeles, CA 90071, and filed said objections, papers and briefs

with the Clerk of the United States District Court for the District of Arizona, Phoenix Division, on or before July 6, 2015.  Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation or to the award of attorneys' fees and expenses to Lead Counsel, including Lead Plaintiff's expenses, unless otherwise ordered by the Court.

13.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14.     All papers in support of the Settlement, the Plan of Allocation and any application by Lead Counsel for an award of attorneys' fees or expenses, including Lead Plaintiff's request for payment of its expenses as provided for by 15 U.S.C. §78u-4(a)(4), shall be filed and served on or before fourteen calendar days prior to the objection deadline in ¶12.  Any reply briefs and supporting documents shall be filed and served on or before seven calendar days prior to the Final Approval Hearing.

15.     Neither the Released Persons nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiff's counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

16.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees or expenses and any application for an award of Lead Plaintiff's expenses, including lost wages pursuant to 15 U.S.C. §78u-4(a)(3)(4), shall be approved.

17.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in

the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

18.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, including the Plan of Allocation, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in connection with the Litigation or of any liability, fault or wrongdoing of any kind.

19.     Pursuant to ¶8.4 of the Stipulation, in the event that the Court declines to approve the Settlement or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of April 17, 2014

20.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated this 23rd day of April, 2015.


                                                    Douglas L. Rayes
                                                    United States District Judge

- 8 -