**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Local 617 Teamsters Pension and Welfare Funds, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Apollo Group Incorporated, et al., <br><br> Defendants. | No. CV-06-02674-PHX-DLR <br><br> **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing pursuant to the Order of this Court, dated April 24, 2015, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated January 12, 2015 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating the Settlement, a Settlement Class defined as all Persons who purchased or otherwise acquired Apollo Securities from November 28, 2001 through and including October 18, 2006. Excluded from the Settlement Class are Defendants, members of their immediate families, their legal representatives, heirs, successors, or assigns, officers and directors of Apollo during the Settlement Class Period, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who have validly and timely requested exclusion from the Settlement Class (all such Persons are identified in Exhibit 1 hereto).

4. With respect to the Settlement Class, this Court finds, solely for the purposes of effectuating the Settlement, that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies Lead Plaintiff as a representative of the Settlement Class. Lead Counsel is also certified as counsel to Lead Plaintiff and the Settlement Class in the Litigation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

7. The Litigation and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice as to Lead Plaintiff and the other Settlement Class Members and as against each and all of the Released Persons. The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

8. The Court finds that the Settlement is fair, just, reasonable and adequate as to each of the Members of the Settlement Class and that the Settlement is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

9. Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, dismissed and discharged each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Persons with prejudice on the merits, whether or not Lead Plaintiff or such Settlement Class Member executes and delivers the Proof of Claim and Release and whether or not Lead Plaintiff or each of the Settlement Class Members ever seeks or obtains any distribution from the Settlement Fund.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged Lead Plaintiff, each and all of the Settlement Class Members and their attorneys (including, without limitation, Lead Counsel), employees, heirs, successors and assigns from all Claims (including, without limitation, Unknown Claims) arising out of, relating to or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims; provided, however, that this release shall not apply to, and nothing in this Judgment shall constitute or operate as,

a release or waiver of any Claims that Apollo, the Individual Defendants, and/or their Related Parties may have against any insurer or reinsurer and their successors and assigns for reimbursement of the Settlement Amount or otherwise arising from or related to the Litigation, all such Claims against insurers, reinsurers, and their successors and assigns being expressly reserved.

11. Upon the Effective Date, Lead Plaintiff, all Settlement Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum or other forum of any kind any of the Released Claims against any of the Released Persons.

12. The distribution of the Notice and publication of the Summary Notice of Pendency of Class Action and Proposed Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

13. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the

Defendants, or their respective Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Released Persons may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. Pursuant to ¶8.4 of the Stipulation, in the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Apollo, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

IT IS SO ORDERED.

Dated this 29th day of July, 2015.

Douglas L. Rayes
United States District Judge